[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 04-16498
Non Argument Calendar

_____

D. C. Docket No. 02-02410-CV-T-17-MSS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 6, 2005
THOMAS K. KAHN
CLERK

WILLIE GRAYER,

                                        Plaintiff-Appellant,

        versus

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 6, 2005)

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's grant of summary judgment in favor of Defendant-Appellee, Liberty Life Assurance Company of Boston ("Liberty"). Plaintiff-Appellant, Willie Grayer, filed an action challenging Liberty's denial of his disability benefits under provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). We affirm.

The parties agree with the district court's published findings of fact. See Grayer v. Liberty Life Assurance Co. of Boston, 331 F. Supp.2d 1383, 1384-89 (M.D. Fla. 2004). We will not, therefore, recite them here. Suffice it to say that the administrator of Grayer's insurance plan denied him benefits because Grayer could not show that he remained disabled.

In these types of cases, we apply the same standard of review as the district court. Paramore v. Delta Air Lines, Inc., 129 F.3d 1446, 1449 (11th Cir. 1997). We first examine whether the claims administrator is empowered to interpret disputed terms of the insurance plan. HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001). Here, the parties agree that Liberty's administrator is so empowered. Accordingly, we must determine, *de novo*, whether the administrator's decision to deny benefits was "wrong" under the plan's terms. Brown v. Blue Cross & Blue Shield of Ala., Inc., 898 F.2d 1556, 1567 n.12 (11th Cir. 1990). Only if we consider the

2

administrator's decision wrong, do we examine whether the administrator is self-interested. See generally HCA Health Servs. of Ga., Inc., 240 F.3d at 994.

On appeal, Grayer attributes the denial of his benefits to the administrator's conclusion that Grayer was no longer disabled. He says the district court erred by deciding he was not entitled to benefits for a different reason: that Grayer failed to provide any proof of disability for about a year, as required by the plan. This argument lacks merit. The district court concluded that Grayer was no longer disabled under the terms of the plan. The lack of medical documentation is relevant to the extent that what medical documentation existed indicated that Grayer no longer had restrictions or limitations on his workload. We agree with the district court that the administrator was not wrong in deciding that Grayer's condition at the time of denial -- complaints of low back pain, decreased appetite for two weeks and coughing -- did not amount to a disability under the plan.[1]

AFFIRMED.

---

[1]Because we disagree with Grayer's characterization of the district court's opinion, we do not decide whether district courts are limited to determining whether the reasons proffered by an ERISA plan administrator are the only reasons district courts can consider on appeal.